IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PAUL HALL | : | CIVIL ACTION |
| | : | |
| | : | NO. 22-1951 |
| | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                          **JUNE 8, 2022**

Plaintiff Paul Hall initiated this *pro se* civil action by filing a submission that was docketed as a Complaint. Hall seeks to proceed *in forma pauperis* in this case. For the following reasons, the Court will grant Hall leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure. Hall will be granted leave to file an amended complaint.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

On May 16, 2022, Hall initiated this civil action by filing a sixty-six page submission, along with a Motion to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) The Clerk's Office, consistent with its obligation under Federal Rule of Civil Procedure 5, treated this filing as a Complaint raising employment discrimination claims and opened a civil action. It appears from Hall's submission that he was previously employed by the Southeastern Pennsylvania Transportation Authority ("SEPTA"), but that his employment was terminated. (*See* Compl. at 1-67.) Hall's submission consists of various documents, including, *inter alia*, SEPTA Equal Employment Opportunity/Affirmative Action Department forms, a Unified Judicial System of Pennsylvania Non-Discrimination & Equal Employment Opportunity Complaint Form, SEPTA incident reports, news articles, medical records, and emails and other correspondence. (*See id.*)

The documents that were docketed as the Complaint contain no caption and do not name any defendants. It is unclear from Hall's submission what relief he seeks from the Court.

## II.    STANDARD OF REVIEW

Because Hall appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted).

As Hall is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible," especially considering Hall's *pro se* status. *Id.* (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). Moreover, an unrepresented litigant "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.*

## III. DISCUSSION

Because Hall did not file a proper complaint in this case, the Court cannot conduct a screening at this time. Hall's submission fails to comply with the requirements of the Federal Rules of Civil Procedure. Rule 3 states that "[a] civil action is commenced by filing a complaint with the court." Pursuant to Rule 8, such complaint must contain a short and plain statement showing that the plaintiff is entitled to relief, a statement of the grounds for the Court's jurisdiction, and a demand for relief. *See* Fed. R. Civ. P. 8. "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "This standard operates in tandem with that of Rule 10," which requires that a complaint contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).

The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Garret*, 938 F.3d at 94. A complaint that does not comply with these rules by failing to identify discrete defendants and actions taken by those defendants regarding the plaintiff's claims may be dismissed. *Id.* at 93-94 (court may dismiss for failure to comply with Rule 8); *Fabian*, 2017 WL 3494219, at *3 (court has discretion to dismiss for failure to comply with Rule 10).

Additionally, although Rule 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett*, 938 F.3d at 82. "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe *pro se* pleadings, "liberal construction of a pro se

3

amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*); *see also Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.") (internal quotations omitted). Thus, a plaintiff proceeding in federal court must present all allegations in a single pleading that clearly identifies the defendants, states the basis for his claims, and states the relief he seeks from the Court.

Having reviewed Hall's submission in its entirety, the Court cannot discern what the factual or legal bases for his claims are, or what relief he seeks from the Court. The documents docketed as the Complaint do not set forth facts or claims in numbered paragraphs. The Complaint does not contain a short and plain statement of facts showing that he is entitled to relief. Although Hall listed defendants in the caption of his Motion to Proceed *In Forma Pauperis*, Hall's Complaint, which is the operative pleading in this case, does not contain a caption and does not identify any defendants. In short, the Complaint does not satisfy the Federal Rules of Civil Procedure and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Hall leave to proceed *in forma pauperis*, and dismiss his Complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure. Hall will be permitted the opportunity to file an amended complaint to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Hall's request for appointment of counsel (ECF No. 4)

will be denied without prejudice as premature.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).  An appropriate order follows, which contains additional instructions as to amendment.

              **BY THE COURT:**

              */s/ R. Barclay Surrick*
              **R. BARCLAY SURRICK, J.**