IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: PAUL HALL | : | CIVIL ACTION |
| | : | |
| | : | NO. 22-1951 |

**MEMORANDUM**

**SURRICK, J.**                                                                                   **JULY 19, 2022**

Currently before the Court is the *pro se* Amended Complaint of Plaintiff Paul Hall alleging various state law claims. For the following reasons, the Court will dismiss the Amended Complaint without prejudice for lack of subject matter jurisdiction.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

On May 16, 2022, Hall initiated this civil action by filing a sixty-six page submission, along with a Motion to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) The Clerk's Office, consistent with its obligation under Federal Rule of Civil Procedure 5, treated this filing as a Complaint raising employment discrimination claims and opened a civil action. It appears from Hall's submission that he was previously employed by the Southeastern Pennsylvania Transportation Authority ("SEPTA"), but that his employment was terminated. (*See* Compl. at 1-67.)[2] Hall's submission consisted of various documents, including, *inter alia*, SEPTA Equal Employment Opportunity/Affirmative Action Department forms, a Unified Judicial System of Pennsylvania Non-Discrimination & Equal Employment Opportunity Complaint Form, SEPTA

---

[1] The allegations set forth in this Memorandum are taken from Hall's Amended Complaint and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

incident reports, news articles, medical records, and emails and other correspondence.  (*See id.*)  The documents that were docketed as the Complaint contained no caption and did not name any defendants.  It was unclear from Hall's submission what relief he was seeking from the Court.

In a Memorandum and an Order dated June 8, 2022, we granted Hall leave to proceed *in forma pauperis* and dismissed Hall's Complaint for failing to comply with the requirements of the Federal Rules of Civil Procedure.  (ECF Nos. 5, 6.)  We determined that Hall's Complaint did not contain a short and plain statement showing that Hall was entitled to relief, a statement of the grounds for the Court's jurisdiction, and a demand for relief.  *See* Fed. R. Civ. P. 8.  The Complaint also did not name defendants or present legal claims to which a defendant could respond on the merits.  *See* Fed. R. Civ. P. 10.  Hall was granted leave to file an amended complaint.  His request for appoint of counsel was denied as premature.

On June 16, 2022, Hall filed an Amended Complaint.  (*See* ECF No. 7, Am. Compl.)  Named as Defendants are Victoria Dupree Miller; Stephen J. Walters; Judge Debra Bowers; David Stern; Bethann Naples; and Judge David Conroy.  (*Id.* at 1-3.)  The allegations in the Amended Complaint are sparse, difficult to understand, and disjointed.  Hall's allegations appear to concern a workers compensation claim that he pursued in 2018.  (*See id.* at 5, 7-53.)[3]  Hall alleges that Defendant Walters "did not demonstrate his qualifications equally and unbiaselly [sic].  I had a pain in my driving foot.  He made me use all my sick time and I am handicap.  Doug Maddox got arrested and got to do another job around the depot protecting his handicap rights."  (*Id.* at 5.)  Hall also claims that Defendant Walters "withheld medical records in which

---

[3] An October 19, 2018 letter attached to the Amended Complaint indicates that Defendant Bowers presided over Hall's workers compensation matter, Defendant Naples acted as counsel for SEPTA in the matter, Defendant Stern represented Hall in the matter, and Defendant Walters appeared as a witness in the matter.  (*See* Am. Compl. at 21.)

were very important that caused major damage." (*Id.*)  With regard to Defendant Miller, Hall contends that "on behalf of Local 234 [she] made sure the contract was applicable to Doug Maddox the summer of 2017, while they saw to it, I was fired.  Although I am handicap too." (*Id.*)  Moreover, Hall contends that Defendant Judge Bowers "violated her judicial code of conduct in her verdict.  She judged me off my demeanor and comportment.  Again I am handicap." (*Id.*)  Hall further alleges that Defendant Stern "did not object to the presentation of a witness in such short notice[,] Stephen J. Walters." (*Id.*)  In addition, Hall claims that Defendant Miller "on behalf of TWU Local 234 decided to not represent me without letting me know. Which is bad faith." (*Id.*)  Hall also contends that Defendant Naples "sent notice of witness 2 days before the hearing." (*Id.*)

Defendant Conroy appears to be a Municipal Court Judge in an unrelated criminal matter in which Hall is a defendant.  (*See id.* at 3-4, 19-20; *Commonwealth v. Hall*, MC-51-CR-9000032-2021 (M.C. Philadelphia).)  According to Hall, he was "medically . . . unable to make it to court 06/16/2022" and requested that his hearing be postponed.  (*Id.* at 4.)  Hall contends that "Judge Conroy moved the court date to 06/17/2022." (*Id.*)  He alleges that "the plaintiff in the hearing got 3 continuances although she was unprepared with discovery," while Hall asked for only one continuance "and the judge made my hearing the next day," despite a doctor's note proving his inability to attend.  (*Id.*)  Hall contends that Defendant Conroy was "biased and prejudice[d] violating his judicial code of conduct." (*Id.*)

Hall also attached to the Amended Complaint a June 16, 2021 note from a doctor pertaining to a foot injury, a memorandum that appears to have been prepared in connection with the October 2018 workers compensation matter before Judge Bowers, as well as documentation

pertaining to Judge Bowers's procedures.  (*Id.* at 7-10, 12-18, 22-53.)  Hall seeks $100 million in loss of income and monetary damages for his claims.  (*Id.* at 6.)

## II.    STANDARD OF REVIEW

Since the Court granted Hall leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Hall is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "[L]iberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

### III.   DISCUSSION

Hall utilized the Court's standard form complaint when filing the Amended Complaint. Therein, he checked the box for "federal question" as the basis for jurisdiction in this court. (*See* Am. Compl. at 2 (marking "Federal Questions" with an "X" as the basis for jurisdiction).) "A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (*per curiam*) (citing 28 U.S.C. §§ 1331, 1332(a)). However, Hall listed only Pennsylvania statutory provisions in support of his assertion of federal question jurisdiction. (*See* Am. Compl. at 2 (citing 42 Pa. C.S. § 8371 (actions on insurance policies); 42 Pa. C.S. § 8343 (burden of proof in an action for defamation); 18 Pa. C.S. § 4904 (second degree misdemeanor - unsworn falsification to authorities); 207 Pa. Code 33, Canon 2 (Pennsylvania Judicial Code of Conduct regarding recusal)). Even under a liberal construction of the Amended Complaint, the Court cannot discern any legitimate basis for a federal claim here. *See Beazer E., Inc. v. Mead Corp.*,

5

525 F.3d 255, 261-62 (3d Cir. 2008) (jurisdiction does not attach "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." (internal citations omitted)).

Instead, Hall's Amended Complaint is best construed as raising state law claims against the named Defendants in light of his reliance on state law.  (*See* Am. Compl. at 2-3.)  District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Here, Hall lists a Pennsylvania address for himself and provides a Pennsylvania address for each of the six named Defendants, which suggests that diversity is lacking. (*See* Am. Compl. at 2-3.)  Because Hall has failed to meet his burden of establishing complete diversity in this case, there is no basis for the Court to exercise jurisdiction over Hall's claims.  *See Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the

parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020). Accordingly, Hall's Amended Complaint will be dismissed for lack of jurisdiction without prejudice to refile those claims in an appropriate state court if he chooses to do so.[4]

## IV.  CONCLUSION

For the foregoing reasons, the Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction. We conclude that amendment in this Court would be futile because Hall cannot cure the defects in his claims. An appropriate Order follows, which dismisses this case.

                                        **BY THE COURT:**

                                        **/s/ *R. Barclay Surrick*** \
                                        **R. BARCLAY SURRICK, J.**

---

[4] The Court expresses no opinion on the merits of any such claims.